1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>          v.<br><br>MICROSOFT CORPORATION, a<br>corporation,<br><br>                          Defendant. | **Case No:** _____<br><br>**COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER RELIEF**<br><br>**JURY DEMAND** |

9
10
11
12
13
14

15       Plaintiff, the United States of America, acting upon notification and authorization to the

16   Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its

17   Complaint alleges:

18       1.       Plaintiff brings this action under Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a)(1), and

19   19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A),

20   53(b), 56(a)(1), and 57b, and Sections 1303(c) and 1306(d) of the Children's Online Privacy

21   Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6502(c) and 6505(d), to obtain monetary civil

22   penalties, a permanent injunction, and other relief for Defendant's acts or practices in violation

23   of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Commission's Children's Online

24   Privacy Protection Rule ("Rule" or "COPPA Rule"), 16 C.F.R. Part 312.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SUMMARY OF CASE

2.      In connection with its Xbox Live online service and related products, Defendant Microsoft Corporation ("Microsoft" or "Defendant") collected personal information from children under the age of 13 (hereinafter "children") without complying with the COPPA Rule's requirements.  Defendant collected personal information from children before notifying parents and obtaining parental consent.  Defendant also failed to tell parents about what information it collected from children, and why, and failed to notify parents that it discloses some of this information to third parties.  In addition, Defendant retained personal information from children longer than necessary, putting children's data at risk for uses outside parents' reasonable expectations and for compromise by unauthorized third parties.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

4.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(2), and (d), 1395(a) and 15 U.S.C. § 53(b).

## DEFENDANT

5.      Defendant Microsoft Corporation is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052-7329.  Microsoft transacts or has transacted business in this District and throughout the United States.

## COMMERCE

6.      At all times relevant to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**SECTION 5 OF THE FTC ACT**

7.      Section 5 of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair and deceptive acts and practices in and affecting commerce.

**THE CHILDREN'S ONLINE PRIVACY PROTECTION ACT RULE**

8.      Congress enacted COPPA in 1998 to protect the safety and privacy of children by prohibiting the unauthorized or unnecessary collection of children's personal information online by operators of Internet websites and online services.  COPPA directed the Commission to promulgate a rule implementing COPPA.  The Commission promulgated the COPPA Rule on November 3, 1999, under Section 1303(b) of COPPA, 15 U.S.C. § 6502(b), and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 553.  The Rule went into effect on April 21, 2000. The Commission promulgated revisions to the Rule that went into effect on July 1, 2013. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

9.      The COPPA Rule applies to any operator of a commercial website or online service directed to children and to any operator of a commercial website or online service that has actual knowledge that it is collecting or maintaining personal information from children. The Rule requires an operator to meet specific requirements before collecting online, using, or disclosing personal information from children, including but not limited to:

  a.  Providing clear, understandable, and complete notice of its information practices, including specific disclosures, directly to parents;

  b.  Posting a prominent and clearly labeled link to an online notice of its information practices with regard to children at specific locations of the website or online service and including in that notice specific disclosures set

COMPLAINT - 3

forth in the Rule, including what information the operator collects from

children online, how it uses such information, and its disclosure practices for

such information;

c.    Obtaining verifiable parental consent before collecting, using, and/or

disclosing personal information from children; and

d.    Retaining personal information collected from children online only as long as

is reasonably necessary to fulfill the purpose for which the information was

collected.

10.    For purposes of this Complaint, the terms "child," "collects," "collection,"

"disclosure," "Internet," "obtaining verifiable parental consent," "online contact information,"

"operator," "parent," "personal information," and "Web site or online service directed to

children," are defined as those terms are defined in Section 312.2 of the COPPA Rule, 16 C.F.R.

§ 312.2.

## DEFENDANT'S BUSINESS PRACTICES

11.    Defendant markets, offers for sale, and sells Xbox-branded gaming products and

online services that collect personal information from consumers, including children.  For

example, Defendant has offered for sale and sold various versions of Xbox gaming consoles

("Xbox Consoles").

12.    Since at least 2005, Defendant has marketed, offered for sale, and sold its Xbox

Live online service ("Xbox Live"), an online gaming network that allows users to access and

play games through their Xbox Consoles.  Users also can connect with other users (*i.e.*, players)

through Xbox Live, including through direct messaging.

13.    Users must have a Microsoft account (also referred to as an "Xbox Live account")

to access and play games on an Xbox Console or use any other Xbox Live feature.  Users can

COMPLAINT - 4

create a Microsoft account through various means, including through an Xbox Console.

### Defendant's Business Practices Regarding the Collection, Use, and Disclosure of Personal Information from Children

14.     To create a Microsoft account through an Xbox Console, Defendant requires individuals to provide their email address, first and last names, and full date of birth.  *See* Exhibit A.

15.     Until at least August 2021, Defendant further prompted individuals, including children who entered birthdates indicating they were under the age of 13, to provide additional information, including a telephone number.  *See* Exhibit B.

16.     Until at least August 2021, Defendant also prompted individuals to accept Microsoft's Services Agreement and Privacy Statement.  Before 2019, this page included pre-checked boxes that stated "Send me promotional offers from Microsoft" and "Enhance my online experiences by letting Microsoft Advertising use my account information."

17.     After collecting the personal information described above, Defendant prompted a child who entered a birthdate indicating that s/he was under 13 years old to get a parent.  *See* Exhibit C.

18.     After prompting a child to get a parent, Defendant displays a screen (ostensibly to a parent) prompting the parent to sign into his or her existing Microsoft account or to create a new Microsoft account through which to sign in.

19.     Once the parent signs into his or her Microsoft account, or creates a new one, the parent is asked to approve the creation of the child's Microsoft account, which Defendant then links to the parent's Microsoft account.  Defendant then provides notice to the parent about its information practices with regard to children.

COMPLAINT - 5

20.     However, before April 2021, this notice failed to satisfy the Rule's notice requirements that such notice inform parents of what information Microsoft would be collecting and how it would be used, as addressed further below.

21.     For example, the pre-April 2021 notice did not disclose that after a user creates an account, including after a parent creates a child's account as described above, Defendant intended to collect images that could contain a child's likeness.

22.     After the child's account is created, the child's profile can be created.  Defendant requires the child to display in the profile his/her gamertag, which is the primary identifier visible to the user and other Xbox Live users.  Users are identified by their gamertags when communicating with other users.  Children also may choose to include additional information in their profile, such as their "real name" (*i.e.*, their first and last names), an avatar, or an uploaded photograph that serves as their "gamerpic."  (By default, Microsoft disables profile sharing on child accounts.)

23.     Defendant also creates a customer persistent identifier (*i.e.*, an Xbox User ID or XUID) for each Xbox Live user.  During Xbox Live use, Defendant also may collect voice recordings and video recordings.  Defendant combines this information with a user's XUID.

24.     Defendant allows a child to disclose other personal information to other users during Xbox Live use.  Defendant allows children to add freeform text to their "activity feed," which is visible to other users, or share direct user-to-user text messages, voice messages, video recordings, and photographs.  By default, a child can disclose their activity feed to or otherwise communicate with only "friends" that a parent has added to the child's account.

25.     Defendant may disclose personal information that it collects from a child to third-party game and app developers.  Although Defendant presents parents an option to disallow children from using third-party games and apps, by default Defendant allows a child to use such

COMPLAINT - 6

games and apps and discloses the child's account information, including the child's gamertag, persistent identifiers, and usage data, to the third-party game and app developers.

26.     In addition, in instances where the parent did not complete the process of creating a Microsoft account for the child, Defendant retained the personal information collected from the child, in many cases for years.  From 2015 until at least October 2020, Defendant indefinitely retained personal information collected, as described in Paragraphs 14 and 15, from approximately 10 million individuals (including children) when the account creation process was not completed.  Defendant thus retained personal information collected from children younger than 13 for longer than reasonably necessary to fulfill the purpose for which it was collected.

## DEFENDANT IS SUBJECT TO THE COPPA RULE

27.     Xbox is a gaming console that enables users to play video games, an activity that is very popular with children.  Defendant's promotions for Xbox Live and related products depict children and tweens (children 11-12 years old) and advertise the use of Xbox Live to access child-oriented content.  Defendant had and continues to have actual knowledge  that it collects and maintains personal information from children and thus was and remains an operator under the COPPA Rule.  From January 2017 through December 2021 alone, approximately 218,000 users in the United States entered full birthdates indicating that they were children younger than 13 years old when creating Microsoft accounts through an Xbox Console.

### Defendant Failed to Provide Notice and Obtain Verifiable Parental Consent Before Collecting Personal Information from Children

28.     Section 312.4(a) of the COPPA Rule requires covered operators to provide notice and obtain verifiable parental consent before collecting, using, or disclosing personal information from children.   As described in Paragraph 15, Defendant learned that certain users were children after they provided their birthdates in the first step of the account creation process but

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    went on to request phone numbers from the children, before seeking to involve a parent.

2        29.    Nothing in the Rule permits an operator to collect a child's telephone number, as

3    opposed to online contact information, without first obtaining verifiable parental consent.

4    16 C.F.R. § 312.5(c)(1) and (6).

5    ***Defendant's Post-Collection Notice and Verifiable Parental Consent Process Were Deficient***

6        30.    After collecting personal information from the child in violation of the Rule,

7    Defendant suggested that the child seek parental involvement.  Through at least April 2021,

8    Defendant then provided a limited notice of its information practices.  This notice failed,

9    however, to meet the requirements of the Rule.  16 C.F.R. § 312.4.  Defendant's failure to ensure

10    parents received adequate notice about its collection, use, and disclosure practices concerning

11    children's personal information violated the COPPA Rule.

12        31.    Section 312.4(a) of the COPPA Rule requires that notice to parents "must be

13    clearly and understandably written, complete, and must contain no unrelated, confusing, or

14    contradictory materials."  Section 312.4(b) requires covered operators to make reasonable efforts

15    to ensure that a parent of a child receives direct notice of the operator's practices with regard to

16    the collection, use, or disclosure of personal information from children before collecting personal

17    information from children.

18        32.    Through at least April 2021, Defendant's notice failed to include the information

19    required by Section 312.4(b) of the COPPA Rule.  For example, the direct notice failed to

20    describe Defendant's collection and use practices with regard to personal information collected

21    from children and instead directed parents to the company's online notice of its information

22    practices (the "Privacy Statement").  The direct notice also did not disclose to parents that

23    Defendant intended to collect such personal information as images that could contain a child's

24    likeness.

33.     Section 312.4(d) of the COPPA Rule requires covered operators to post a prominent and clearly labeled link to an online privacy notice in various places, including at each point that Defendant collects personal information from children.

34.     Until at least 2019, Defendant's Privacy Statement was incomplete.  It contained a section entitled "Collection of data from children"; however, this section did not describe what personal information Defendant collected from children or Defendant's use and disclosure practices for personal information collected from children as required by the COPPA Rule. Instead, the section discussed Defendant's information practices regarding Microsoft products and children generically.

***Defendant Retained Personal Information Collected from Children Longer Than Reasonably Necessary for the Purpose for Which It Was Collected***

35.     Section 312.10 of the COPPA Rule requires that Defendant retain personal information collected from children for only as long as reasonably necessary to fulfill the purpose for which it was collected.  If children's personal information is collected for the purposes of providing notice and obtaining verifiable parental consent, and if the operator does not obtain parental consent after a reasonable time from the date the information was collected, 16 C.F.R. § 312.5(c)(1) requires the operator to delete the information from its records.  From 2015 until at least October 2020, as described in Paragraph 20, Defendant indefinitely retained, in many instances for years, children's personal information collected during account creation when the account process was not completed.

*        *        *

36.     Based on the facts and violations of law alleged in this Complaint, Plaintiff has reason to believe that Defendant has violated, is violating, and is about to violate the COPPA

COMPLAINT - 9

Rule because, among other things, Defendant stopped the violative conduct only after it was under investigation.

### Count I: COPPA Rule Violation

37. Paragraphs 1 through 36 are incorporated as if set forth herein.

38. In numerous instances in connection with operating Xbox Live, Defendant has collected, used, and/or disclosed personal information online from children under the age of 13. In doing so, Defendant violated the COPPA Rule by:

  a. Failing to provide complete direct notice to parents of the information Defendant collects online from children and how such information is used or disclosed, in violation of Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b);

  b. Failing to provide complete online notice of its information practices with regard to children, in violation of Section 312.4(d) of the Rule, 16 C.F.R. § 312.4(d);

  c. Failing to obtain verifiable parental consent before any collection, use, or disclosure of personal information from children, in violation of Section 312.5(a)(1) of the Rule, 16 C.F.R. § 312.5(a)(1); and

  d. Failing to retain personal information collected online from children for only as long as is reasonably necessary, in violation of Section 312.10 of the Rule, 16 C.F.R. § 312.10.

39. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CONSUMER INJURY**

40.      Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act and the COPPA Rule.  Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

**THIS COURT'S POWER TO GRANT RELIEF**

41.      Defendant violated the COPPA Rule as described above with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

42.      Each collection, use, or disclosure of a child's personal information in which Defendant violated the Rule in one or more of the ways described above constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

43.      Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Public Law 114-74, sec. 701, 129 Stat. 599 (2015), and Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(d), authorizes this Court to award monetary civil penalties of not more than $46,517 for each violation of the Rule.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that the Court:

A.      Enter a permanent injunction to prevent future violations of the FTC Act and the COPPA Rule by Defendant;

B.      Award Plaintiff monetary civil penalties from Defendant for each violation of the COPPA Rule alleged in this Complaint; and

C.      Award any additional relief as the Court determines to be just and proper.

Dated:  June 5, 2023

Respectfully submitted,

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division

ARUN G. RAO
Deputy Assistant Attorney General, Civil Division

AMANDA N. LISKAMM
Director, Consumer Protection Branch

LISA K. HSIAO
Assistant Director, Consumer Protection Branch

s/ Katherine M. Ho
KATHERINE M. HO
Trial Attorney
JAMES T. NELSON
Senior Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW
Washington, DC 20001
Telephone: (202) 353-7835
Fax: (202) 514-8742
Email: Katherine.Ho@usdoj.gov

NICHOLAS W. BROWN
United States Attorney

s/ Rebecca S. Cohen
REBECCA S. COHEN, WSBA No. 31767
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
Phone:  206-553-7970
Email: rebecca.cohen@usdoj.gov

//

COMPLAINT - 12

**FOR THE FEDERAL TRADE COMMISSION:**

BENJAMIN WISEMAN
Acting Associate Director

MARK EICHORN
Assistant Director

MEGAN COX
PEDER MAGEE
Attorneys
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Ave NW
Mail Stop CC-5102
Washington, DC 20580
(202) 326-2282 (Cox)
(202) 326-3538 (Magee)
Email: mcox1@ftc.gov
Email: pmagee@ftc.gov

COMPLAINT - 13