# EXHIBIT A

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

9  UNITED STATES OF AMERICA,

10              Plaintiff,

11  v.

12  MICROSOFT CORP., a corporation,

13              Defendant.

Case No: _____

**[Parties' Jointly Proposed]
STIPULATED ORDER FOR
PERMANENT INJUNCTION, CIVIL
PENALTY JUDGMENT, AND OTHER
RELIEF**

14          Plaintiff, the United States of America, acting upon notification and authorization to the

15  Attorney General by the Federal Trade Commission ("Commission"), filed its Complaint for

16  Civil Penalties, Permanent Injunction, and Other Relief ("Complaint"), for a permanent

17  injunction, civil penalties, and other relief in this matter, pursuant to Sections 13(b) and 16(a)(1)

18  of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 56(a)(1),

19  Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act ("COPPA"),

20  15 U.S.C. §§ 6502(c) and 6505(d), and the Commission's Children's Online Privacy Protection

21  Rule ("COPPA Rule"), 16 C.F.R. Part 312.  Defendant has waived service of the summons and

22  the Complaint.  Plaintiff and Defendant stipulate to the entry of this Stipulated Order for

23  Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Order") to resolve all matters

24  in dispute in this action between them.

[PROPOSED] STIPULATED ORDER - 1

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendant violated the COPPA Rule and Section 5 of the FTC Act, 15 U.S.C. § 45, by failing to provide complete direct notice to Parents, failing to provide complete online notice of its information practices with regard to Children, failing to Obtain Verifiable Parental Consent before Collecting, using, or Disclosing Personal Information from Children, and retaining Personal Information Collected online from Children for longer than reasonably necessary.

3.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.      Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

A.      "**Adult Microsoft Account(s)**" means a Microsoft Account with an Xbox User ID or equivalent identifier created either on a gaming console or related website for an individual who provided a birthdate during account creation indicating that s/he is over the age of 18 as of the date of entry of this Order.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

B. "**Child**" or "**Children**" means any individual or individuals under the age of 13.

C. "**Child Microsoft Account(s)**" means a Microsoft Account with an Xbox User ID or equivalent identifier created either on a gaming console or related website for an individual with a birthdate provided during account creation that indicates that the user is a Child. *Provided, however,* that Part III of this Order shall apply to only Child Microsoft Accounts that (1) were created before May 2021 and (2) belong to a user who is a Child as of thirty (30) days after entry of this Order.

D. "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

 1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

 2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

 3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

 4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

[PROPOSED] STIPULATED ORDER - 3

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

E. **"Collects"** or **"Collection"** means the gathering of any Personal Information from a Child by any means, including but not limited to:

1. Requesting, prompting, or encouraging a Child to submit Personal Information online;

2. Enabling a Child to make Personal Information publicly available in identifiable form. An Operator shall not be considered to have Collected Personal Information if it takes reasonable measures to Delete all or virtually all Personal Information from a Child's postings before they are made public and also to Delete such Personal Information from its records; or

3. Passive tracking of a Child online.

F. **"Covered Service(s)"** means the Xbox Live Service or any other equivalent or similar game service. For purposes of this Order, to the extent that, after entry of this Order, Defendant obtains direct or indirect control over a service that is an equivalent or similar

game service, such service becomes a Covered Service ninety (90) days after the date on which Defendant obtained such control.

G.    "**Defendant**" means Microsoft Corporation, a Washington corporation, and its successors and assigns.

H.    "**Delete**" or "**Deletion**" means to remove Personal Information such that it is not maintained in retrievable form and cannot be retrieved in the normal course of business.

I.    "**Disclose**" **or** "**Disclosure**" means, with respect to Personal Information:

    1.    The Release of Personal Information Collected by an Operator from a Child in identifiable form for any purpose, except where an Operator provides such information to a Person who provides Support for the Internal Operations of the website or online service; and

    2.    Making Personal Information Collected by an Operator from a Child publicly available in identifiable form by any means, including but not limited to a public posting through the Internet, or through a personal home page or screen posted on a website or online service; a pen pal service; an electronic mail service; a message board; or a chat room.

J.    "**Internet**" means collectively the myriad of computer and telecommunications facilities, including equipment and operating software, which comprise the interconnected world-wide network of networks that employ the Transmission Control Protocol/Internet Protocol, or any predecessor or successor protocols to such protocol, to communicate information of all kinds by wire, radio, or other methods of transmission.

K.    "**Obtain(ing) Verifiable Parental Consent**" means making a reasonable effort (taking into consideration available technology) to ensure that before Personal Information is Collected from a Child, a Parent of the Child:

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1.     Receives notice of the Operator's Personal Information Collection, use, and Disclosure practices; and

2.     Authorizes any Collection, use, and/or Disclosure of the Personal Information, using a method reasonably calculated, in light of available technology, to ensure that the Person providing consent is the Child's Parent.

L. **"Online Contact Information"** means an email address or any other substantially similar identifier that permits direct contact with a Person online, including but not limited to, an instant messaging user identifier, a voice over internet protocol (VOIP) identifier, or a video chat user identifier.

M. **"Operator"** means any Person who operates a website located on the Internet or an online service and who Collects or maintains Personal Information from or about the users of or visitors to such website or online service, or on whose behalf such information is Collected or maintained, or offers products or services for sale through that website or online service, where such website or online service is operated for commercial purposes involving commerce among the several States or with one or more foreign nations; in any territory of the United States or in the District of Columbia, or between any such territory and another such territory or any State or foreign nation; or between the District of Columbia and any State, territory, or foreign nation. This definition does not include any nonprofit entity that would otherwise be exempt from coverage under Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45). Personal Information is Collected or maintained on behalf of an Operator when:

1.     It is Collected or maintained by an agent or service provider of the Operator; or

2.     The Operator benefits by allowing another Person to Collect Personal Information

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

directly from users of such website or online service.

N.    **"Parent"** includes a legal guardian.

O.    **"Person"** means any individual, partnership, corporation, trust, estate, cooperative, association, or other entity.

P.    **"Personal Information"** means individually identifiable information about an individual Collected online, including:

1.    A first and last name;

2.    A home or other physical address including street name and name of a city or town;

3.    Online Contact Information;

4.    A screen or user name where it functions in the same manner as Online Contact Information;

5.    A telephone number;

6.    A Social Security number;

7.    A persistent identifier that can be used to recognize a user over time and across different websites or online services.  Such persistent identifier includes, but is not limited to, a customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, or unique device identifier;

8.    A photograph, video, or audio file where such file contains a Child's image or voice;

9.    Geolocation information sufficient to identify street name and name of a city or town; or

10.    Information concerning the Child or the Parents of that Child that the Operator Collects online from the Child and combines with an identifier described in this

definition, including but not limited to the following information concerning the

Child that the Operator Collects online from the Child and combines with an

identifier described above: avatars generated from a Child's image; biometric data

(including but not limited to eye tracking, iris and retina scans, voiceprint, scan

and hand and face geometry, fingerprint, and gait); health information;

physiological responses; and vital signs.

Q.   **"Release of Personal Information"** means the sharing, selling, renting, or transfer of

Personal Information to any Third Party.

R.   **"Support for the Internal Operations of the Website or Online Service"** means:

1.   Those activities necessary to:

    a.   Maintain or analyze the functioning of the website or online service;

    b.   Perform network communications;

    c.   Authenticate users of, or personalize the content on, the website or online

       service;

    d.   Serve contextual advertising on the website or online service or cap the

       frequency of advertising;

    e.   Protect the security or integrity of the user, website, or online service;

    f.   Ensure legal or regulatory compliance; or

    g.   Fulfill a request of a Child as permitted by Sections 312.5(c)(3) and (4) of

       the COPPA Rule (attached as Appendix A);

2.   So long as the information Collected for the activities listed in 1(a)-(g) is not used

or Disclosed to contact a specific individual, including through behavioral

advertising, to amass a profile on a specific individual, or for any other purpose.

1   S.      "**Third Party**" means any Person who is not:

2       1.      An Operator with respect to the Collection or maintenance of Personal Information

3               on the website or online service; or

4       2.      A Person who provides Support for the Internal Operations of the Website or

5               Online Service and who does not use or Disclose information protected under the

6               COPPA Rule (attached as Appendix A) for any other purpose.

7   T.  "**Xbox Live Service**" means the Xbox Live online game play service that enables game play

8       and online communications.

9                                           **ORDER**

10  **I.      INJUNCTION CONCERNING COLLECTION OF PERSONAL INFORMATION**

11                          **FROM CHILDREN**

12          IT IS ORDERED that Defendant and Defendant's officers, agents, employees, and

13  attorneys, and all other Persons in active concert or participation with any of them, who receive

14  actual notice of this Order, whether acting directly or indirectly, in connection with operating a

15  Covered Service, are hereby permanently restrained and enjoined from:

16      A.  Failing to make reasonable efforts, taking into account available technology, to ensure

17          that a Parent of a Child receives direct notice as required by Section 312.4(b)-(c) of the

18          Rule, 16 C.F.R. § 312.4(b)-(c), unless the Children's Online Privacy Protection Rule,

19          16 C.F.R. Part 312 (attached as Appendix A), provides an exception to providing such

20          notice;

21      B.  Failing to post a prominent and clearly labeled link to an online notice of Defendant's

22          information practices with regard to Children on the home or landing page or screen of

23          Defendant's website or online service, *and* at each area of Defendant's website or online

24          service where Personal Information is Collected from Children, unless the Children's

Online Privacy Protection Rule, 16 C.F.R. Part 312 (attached as Appendix A), provides an exception to providing such notice;

C.  Failing to Obtain Verifiable Parental Consent before any Collection, use, or Disclosure of Personal Information from Children, including consent to any material change in the Collection, use, or Disclosure practices to which the Parent has previously consented, unless the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312 (attached as Appendix A), provides an exception to Obtaining Verifiable Parental Consent;

D.  Retaining Personal Information Collected from a Child for longer than is reasonably necessary to fulfill the purpose for which the information was Collected; and

E.  Violating the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312 (attached as Appendix A).

## II.     <u>REQUIRED NOTICE TO ADULTS</u>

IT IS FURTHER ORDERED that, within forty-five (45) days of entry of this Order, Defendant must send through the Xbox Live Service the Xbox Platform Notice and email the notice entitled "**Microsoft's Xbox Parental Controls and Family Settings**" (both of which appear at Appendix B) to every Adult Microsoft Account that was not associated with a Child Microsoft Account before entry of this Order.  *Provided, however,* that such notices being sent to non-United States-based accounts must be sent within one hundred and eighty days (180) days of entry of this Order.

## III.    <u>INJUNCTION CONCERNING PERSONAL INFORMATION PREVIOUSLY COLLECTED FROM CHILDREN</u>

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, for any Child Microsoft Account, are ordered to:

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

A. Within sixty (60) days of entry of this Order, seek to Obtain Verifiable Parental Consent to Collect, use, Disclose, and retain Personal Information Collected from such Child Microsoft Account;

B. Within one hundred and eighty (180) days of entry of this Order (the "Account Suspension Date"), if Defendant has not Obtained Verifiable Parental Consent, refrain from Collecting Personal Information from Child Microsoft Accounts via the Xbox Live Service, and refrain from Disclosing or using Personal Information Defendant Collected from Children through Child Microsoft Accounts via the Xbox Live Service, except for the use of persistent identifiers to Support the Internal Operations of the Xbox Live Service, unless and until Defendant has Obtained Verifiable Parental Consent;

C. Within one (1) year of the Account Suspension Date, Delete all Personal Information Defendant Collected from Children through Child Microsoft Accounts for which Defendant has not, by that date, Obtained Verifiable Parental Consent;

D. Within one (1) year and one month of the Account Suspension Date, provide a written statement to the Commission, sworn under penalty of perjury, that (1) describes the process through which Defendant Obtained Verifiable Parental Consent from Parents to Collect, use, and retain Personal Information Collected from each Child Microsoft Account; (2) identifies the total number of Child Microsoft Accounts for which Defendant sought to Obtain Verifiable Parental Consent, as well as the number of Child Microsoft Accounts for which:

    (i)  Defendant Obtained Verifiable Parental Consent;

    (ii) a Parent affirmatively declined to consent;

    (iii) a Parent did not respond;

    (iv) a Parent requested Deletion, and

[PROPOSED] STIPULATED ORDER - 11

(v) a Parent engaged with Defendant by asking additional questions; and

(3) confirms all Personal Information related to Child Microsoft Accounts for which Defendant failed to Obtain Verifiable Parental Consent has been Deleted.

## IV.     DATA RETENTION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, are ordered to:

A.  Within thirty (30) days of entry of this Order, establish and implement, and thereafter maintain, a system to Delete, within two (2) weeks from the date of Collection, all Personal Information Defendant has Collected from Children for purposes of Obtaining Verifiable Parental Consent, unless the Parent provides Verifiable Parental Consent.

B.  As of the date of entry of this Order, maintain and adhere to a retention schedule for Personal Information Collected through Child Microsoft Accounts, setting forth the purpose for which the information was Collected, the specific business need for retaining such Personal Information, and an established time frame and set of criteria for Deletion of such information that may not be longer than is reasonably necessary to fulfill the purpose for which the information was Collected, and make such information about the retention schedule publicly available on Defendant's website(s) and in the direct notice.

## V.     REQUIREMENT TO NOTIFY THIRD PARTIES WHEN DISCLOSING PERSONAL INFORMATION COLLECTED FROM A CHILD

IT IS FURTHER ORDERED that Defendant, within one hundred and twenty (120) days of entry of this Order, in connection with operating a Covered Service, must, at each instance

when Disclosing Personal Information from a Child Microsoft Account to any video game

publisher on such service, indicate to such party (such as through an API) that the user is a child

under age 13.

## VI.      MANDATED DATA DOCUMENTATION

IT IS FURTHER ORDERED that Defendant, in connection with the Collection,

maintenance, use, or Disclosure of, or provision of access to, Personal Information Collected

through a Covered Service, must, within ninety (90) days of issuance of this Order, document

internally the decision to Collect, use, Disclose, provide access to, or maintain each data field of

Personal Information that is Collected through Child Microsoft Accounts.  Such documentation

must include: for what purpose the data field of Personal Information is being Collected; the data

segmentation controls in place to ensure that the data field of Personal Information Collected is

only used for the particular purpose for which it was Collected; the data retention limit set and

the technical means for achieving Deletion of the data field of Personal Information; the

safeguards in place to prevent unauthorized sharing or sale of the data field of Personal

Information; and the controls in place to ensure only authorized employees with a legitimate

business purpose(s) have access to the data field of Personal Information.

## VII.     REGISTRATION REQUIREMENT

IT IS FURTHER ORDERED that:

A.  During the account set-up or registration process for a Covered Service, Defendant must

obtain the age of the user.

B.  As of the date of entry of this Order, Defendant is required to provide users the following

information during the account set-up or registration process for a Covered Service:

Please create a child account for any child that plays on this device.
Microsoft offers parental controls for this device and a family safety
settings app to provide controls to parents, so you can place limitations

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

for reasons of privacy and safety.  For example, you can limit who can communicate with the child.  If this device will be used by a child, you can make the child account and set controls on the next screen.

Defendant must provide Clear and Conspicuous notice of the steps to set up a Child Microsoft Account during the registration process.  *Provided, however*, that such information be provided to non-United States-based accounts within one hundred and eighty (180) days of the date of entry of this Order.

## VIII.  <u>MONETARY JUDGMENT FOR CIVIL PENALTY</u>

IT IS FURTHER ORDERED that:

A. Judgment in the amount of twenty million dollars ($20,000,000) is entered in favor of Plaintiff against Defendant, as a civil penalty.

B. Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, twenty million dollars ($20,000,000), which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to Plaintiff. Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of Plaintiff.

C. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

E. Defendant acknowledges that its Taxpayer Identification Number, which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

//

1

## IX.   ORDER ACKNOWLEDGMENTS

2

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this

3

Order:

4

A.  Defendant, within seven (7) days of entry of this Order, must submit to the Commission

5

an acknowledgment of receipt of this Order sworn under penalty of perjury.

6

B.  For five (5) years after entry of this Order, Defendant for any business that Defendant

7

controls, directly or indirectly, or for which Defendant is the majority owner, must

8

deliver a copy of this Order to:  (1) all principals, officers, directors, managers, and

9

members; (2) all employees having managerial responsibilities relating to the subject

10

matter of the Order, and all agents and representatives who participate in conduct related

11

to the subject matter of the Order; and (3) any business entity resulting from any change

12

in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur

13

within seven (7) days of entry of this Order for current personnel.  To all others, delivery

14

must occur before they assume their responsibilities.

15

C.  From each individual or entity to which Defendant delivered a copy of this Order,

16

Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of

17

receipt of this Order.

18

## X.   COMPLIANCE REPORTING

19

IT IS FURTHER ORDERED that Defendant make timely submissions to the

20

Commission:

21

A.  One year after entry of this Order, Defendant must submit a compliance report, sworn

22

under penalty of perjury, in which Defendant must:  (a) identify the primary physical,

23

postal, and email address and telephone number, as designated points of contact, which

24

representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of Defendant's businesses related to each Covered Service by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each Covered Service, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; (e) provide a copy of each different version of any privacy notice for each Covered Service or sent to Parents of Children that register for each Covered Service; (f) provide a statement setting forth in detail the methods used to Obtain Verifiable Parental Consent before any Collection, use, and/or Disclosure of Personal Information from Children; (g) provide a statement setting forth in detail the means provided for Parents to review the Personal Information Collected from their Children and to refuse to permit its further use or maintenance for each Covered Service; and (h) provide a copy of each Order acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.  For ten (10) years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in:  (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls, directly or indirectly, that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.  Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within fourteen (14) days of its filing.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  United States v. Microsoft Corp.

## XI.      RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for ten (10) years after entry of the Order and retain each such record for five (5) years.  Specifically, Defendant must create and retain the following records for each Covered Service:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints relating to Defendant's Collection of Personal Information from Children through each Covered Service, whether received directly or indirectly, such as through a Third Party, and any response;

D. All records necessary to demonstrate full compliance with each section of this Order, including all submissions to the Commission;

E.  A copy of each materially different form, page, or screen created, maintained, or otherwise provided by Defendant through which Defendant Collects Personal Information from Children through each Covered Service, and a copy of each materially different document containing any representation regarding Defendant's Collection, use, and Disclosure practices pertaining to Personal Information from Children Collected through each Covered Service.  Each webpage copy shall be accompanied by the URL of the webpage where the material was posted online.  Electronic copies shall include all text and graphics files, audio scripts, and other computer files used in presenting information on the Internet.

## XII.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order:

A.  Within fourteen (14) days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview.  The Person interviewed may have counsel present.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

C.     The Commission and Plaintiff may use all other lawful means, including posing, through

its representatives, as consumers, suppliers, or other individuals or entities, to Defendant

or any individual or entity affiliated with Defendant, without the necessity of

identification or prior notice.  Nothing in this Order limits the Commission's lawful use

of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49,

57b-1.

## XIII.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**SO ORDERED and DATED** this _____ day of _____, 2023.


_____
UNITED STATES DISTRICT JUDGE


**SO STIPULATED AND AGREED
AND PRESENTED BY:**

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division

ARUN G. RAO
Deputy Assistant Attorney General, Civil Division

AMANDA N. LISKAMM
Director, Consumer Protection Branch

LISA K. HSIAO
Assistant Director, Consumer Protection Branch

//

//

1    <u>s/ Katherine M. Ho</u>               Date:  <u>6/5/2023</u>

KATHERINE M. HO

2    Trial Attorney

JAMES T. NELSON

3    Senior Trial Attorney

Consumer Protection Branch

4    U.S. Department of Justice

450 5th Street, NW

5    Washington, DC 20001

Telephone: (202) 353-7835

6    Fax: (202) 514-8742

Email: Katherine.Ho@usdoj.gov

7

NICHOLAS W. BROWN

8    United States Attorney

9    <u>*s/ Rebecca S. Cohen*</u>             Date:  <u>6/5/2023</u>

REBECCA S. COHEN, WSBA No. 31767

10    Assistant United States Attorney

United States Attorney's Office

11    Western District of Washington

700 Stewart Street, Suite 5220

12    Seattle, Washington  98101-1271

Phone:  206-553-7970

13    Email:  rebecca.cohen@usdoj.gov

14    **FOR THE FEDERAL TRADE COMMISSION:**

15    BENJAMIN WISEMAN

Acting Associate Director

16

MARK EICHORN

17    Assistant Director

18    MEGAN COX

PEDER MAGEE

19    Attorneys

Division of Privacy and Identity Protection

20    Federal Trade Commission

600 Pennsylvania Ave NW

21    Mail Stop CC-5102

Washington, DC 20580

22    (202) 326-2282 (Cox)

(202) 326-3538 (Magee)

23    Email: mcox1@ftc.gov

Email: pmagee@ftc.gov

24

[PROPOSED] STIPULATED ORDER - 20

1   **FOR DEFENDANT MICROSOFT CORPORATION:**

2                                                     Date:  6 - 2 - 23

3   BRAD SMITH
    President
4   Microsoft Corporation

5

6   /s/Laura Kim                            Date:  6/2/23
    LAURA KIM (*pro hac vice forthcoming*)
7   Covington & Burling LLP
    One City Center
8   850 Tenth Street NW
    Washington, DC 20001-4956
9   (202) 662-6000
    LKim@cov.com
10

11

    /s/Lindsey Tonsager                     Date:  6/2/23
12  LINDSEY L. TONSAGER (*pro hac vice forthcoming*)
    JENNA ZHANG (*pro hac vice forthcoming*)
13  Covington & Burling LLP
    Salesforce Tower, 415 Mission Street, Suite 5400
14  San Francisco, CA 94105-2533
    (415) 591-6000
15  LTonsager@cov.com
    JZhang@cov.com
16

17

18

19

20

21

22

23

24

[PROPOSED] STIPULATED ORDER - 21

1     /s/Douglas Meal               Date: 6/2/23

       DOUGLAS MEAL (*pro hac vice forthcoming*)

2     Orrick Herrington & Sutcliffe

       222 Berkeley Street, Suite 2000

3     Boston, MA 02116

       (617) 880-1800

4     dmeal@orrick.com

5

6     /s/ Emily Tabatabai            Date: 6/2/23

       EMILY TABATABAI (*pro hac vice forthcoming*)

7     HANNAH LEVIN (*pro hac vice forthcoming*)

       Orrick Herrington & Sutcliffe

8     Columbia Center

       112 15th Street, N.W.

9     Washington, D.C. 20005-1706

       (202) 339-8400

10    etabatabai@orrick.com

       hlevin@orrick.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

[PROPOSED] STIPULATED ORDER - 22